# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS HEART CENTER, INC., Individually and on behalf of all others similarly situated, | ) ) ) ) ) Case No. |
| Plaintiff, | ) ) **JURY TRIAL DEMANDED** |
| v. | ) ) Removal of Cause No. 15SL-CC01757 |
| ATHENAHEALTH, INC., and JOHN DOES 1-10, | ) ) St. Louis County Circuit Court |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

Defendant athenahealth, Inc. ("Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby removes this action which has been pending as Cause No. 15SL-CC01757 in the Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division. In support of this Notice of Removal, Defendant states as follows:

### I.    Procedural Removal Requirements Are Satisfied

1.    Plaintiff St. Louis Heart Center, Inc. ("Plaintiff") commenced an action by filing a putative Class Action Petition ("Petition") on May 21, 2015 in the Circuit Court of St. Louis County, Missouri, Styled <u>St. Louis Health Center, Inc., individually and on behalf of all others similarly situated v. AthenaHealth, Inc. and John Does 1-10</u>, Case No. 15SL-CC01757 (the "State Court Action").

2.    Defendant's registered agent was served with a copy of the Petition and summons on July 10, 2015. Thirty days have not yet expired since this action became removable to this Court. Thus, this matter is timely removed. 28 U.S.C. § 1446(b).

3.  Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81-2.03 of the Local Rules of the United States District Court for the Eastern District of Missouri, the complete file of the Circuit Court of St. Louis County, Missouri, in this matter is attached to this Notice as **Exhibit A**.

4.  A true and correct copy of the Petition is attached hereto in Exhibit A.

5.  The pleadings and papers filed in this litigation are limited to the Petition, a Motion for Class Certification and documents relating to service on Plaintiff.

6.  Pursuant to Local Rule 3-2.02, Defendant is contemporaneously filing a completed Civil Cover Sheet, an Original Filing Form, and a Disclosure of Organizational Interests Certificate.

7.  Concurrent with the filing of this Notice, Defendant is serving this Notice on Plaintiff's counsel and filing a copy of the Notice with the Clerk of the Circuit Court of St. Louis County, Missouri.  In accordance with Local Rule 81-2.03, Defendant will file proof of filing the notice with the Clerk of the State Court and proof of service on all adverse parties.

8.  The United States District Court for the Eastern District of Missouri, Eastern Division, embraces the county in which the State Court Action is now pending.  Therefore, venue is proper for this action pursuant to 28 U.S.C. §§ 105(a)(1) and 1446(a).

9.  By filing a Notice of Removal, Defendant does not waive any of its rights or defenses.

## II. This Court Has Federal Question Jurisdiction Over Plaintiff's Alleged TCPA Claim and Supplemental Jurisdiction Over Plaintiff's Alleged State Law Claims

10.  For its Count I, Plaintiff alleges that Defendant violated the federal Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").  Petition at ¶¶10-50.  For Counts II-IV, Plaintiff asserts claims regarding declaratory relief, conversion and violations of the Missouri Merchandising Practices Act ("MMPA"), respectively. Petition at ¶¶51-74.

11. This Court has original jurisdiction over this action, in part, pursuant to 28 U.S.C. §1331 because Plaintiff's TCPA claim in Count I arises under federal law.

12. The United States Supreme Court, in *Mims v. Arrow Financial Services, LLC*, stated that "[b]ecause federal law creates the right of action and provides the rules of decision, [a] TCPA claim, in 28 U.S.C. § 1331's words, plainly 'aris[es] under' the 'laws . . . of the United States.'" 132 S.Ct. 740, 748 (2012). The Supreme Court held that "Congress did not deprive federal courts of federal-question jurisdiction over private TCPA suits." *Id.* at 747.

13. Moreover, under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims for declaratory relief, conversion and for alleged violations of the MMPA because these claims form part of the same case or controversy as Plaintiff's TCPA claim and arise from the same operative facts.

14. Because this Court has original jurisdiction over Plaintiff's TCPA claim in Count I and supplemental jurisdiction over Plaintiff's state law claims in Counts II through IV, this case is removable by Defendant. 28 U.S.C. §§ 1441(a) and 1441(c).

WHEREFORE, all of the requirements of 28 U.S.C. §§ 1331, 1441(a), and 1446 have been satisfied, and Notice is hereby given that this action is removed from the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division.

DATED: August 10, 2015

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

By: /s/ Patrick T. McLaughlin
    Gerald P. Greiman, Mo. Bar No. 26668
    Patrick T. McLaughlin, Mo. Bar No. 48633
    Ryan C. Hardy, Mo. Bar No. 62926
    1 North Brentwood Bvd., Suite 1000
    St. Lois, MO 63105
    Telephone: (314) 863-7733
    Facsimile: (314) 862-4656
    ggreiman@spencerfane.com
    pmclaughlin@spencerfane.com
    rhardy@spencerfane.com

Attorneys for Defendant AthenaHealth, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of August, 2015, the foregoing document was filed electronically with the Clerk of the Court, to be served by the Court's electronic notification system and served via U.S. Mail upon the following attorneys of record:

Max G. Margulis
Magulis Law Group
28 Old Belle Monte Road
Chesterfield, Missouri 63017
maxmargulis@margulislaw.com

Brian J. Wanca
Anderson + Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, Illinois 60008
bwanca@andersonwanca.com

Attorneys for Plaintiff

/s/Patrick T. McLaughlin

4

SL 1594912.1