

Search for Cases by: Select Search Method...

GrantedPublicAccess  Logoff PMCLAUGHLIN

| Judicial Links | eFiling | Help | Contact Us | Print |

## 15SL-CC01757 - ST. LOUIS HEART CENTER, V ATHENAHEALTH, INC. ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgment | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case  Click here to Respond to Selected Documents  Sort Date Entries: ● Descending ○ Ascending   Display Options: All Entries

**07/21/2015**  ☐ **Correspondence Sent**

☐ **Case Mgmt Conf Scheduled**

Scheduled For: 08/18/2015;  9:00 AM ;  ELLEN HANNIGAN RIBAUDO,  St Louis County

**07/10/2015**  ☐ **Agent Served**

Document ID - 15-SMCC-4864; Served To - ATHENAHEALTH, INC.; Server - CT CORP; Served Date - 10-JUL-15; Served Time - 00:00:00; Service Type - Territory 30; Reason Description - Served; Service Text - LC

**06/23/2015**  ☐ **Alias Summons Issued**

Document ID: 15-SMCC-4864, for ATHENAHEALTH, INC.. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**06/17/2015**  ☐ **Note to Clerk eFiling**

Filed By: MAX GEORGE MARGULIS

☐ **Alias Summons Requested**

Plaintiff's Motion to have the alias summons issued to Defendant AthenaHealth, Inc..
Filed By: MAX GEORGE MARGULIS
On Behalf Of: ST. LOUIS HEART CENTER, INC.

**06/09/2015**  ☐ **Correspondence Filed**

Rejection of Service of Process for AthenaHealth, Inc..
Filed By: MAX GEORGE MARGULIS
On Behalf Of: ST. LOUIS HEART CENTER, INC.

**06/08/2015**  ☐ **Corporation Served**

Document ID - 15-SMCC-3988; Served To - ATHENAHEALTH, INC.; Server - ; Served Date - 02-JUN-15; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - SHELLEY LEWIS, LEGAL

**05/26/2015**  ☐ **Summons Issued-Circuit**

Document ID: 15-SMCC-3988, for ATHENAHEALTH, INC.. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**05/21/2015**  ☐ **Filing Info Sheet eFiling**

Filed By: MAX GEORGE MARGULIS

☐ **Note to Clerk eFiling**

Filed By: MAX GEORGE MARGULIS

☐ **Motion Filed**

Motion for Class Certification.
Filed By: MAX GEORGE MARGULIS
On Behalf Of: ST. LOUIS HEART CENTER, INC.

EXHIBIT A

☐ **Pet Filed in Circuit Ct**

Class Action Petition.

☐ **Judge Assigned**

DIV 36

JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY CIRCUIT COURT
105 SOUTH CENTRAL AVENUE
CLAYTON, MISSOURI  63105 -1766

SPECIAL NEEDS: If you have special needs addressed by the American With Disabilities Act, please notify the Circuit Clerk's Office at 314/615-8029, Fax 314/615-8739, or TTY 314/615-4567, at least three business days in advance of the court proceeding.

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

CASE NUMBER: 15SL-CC01757
ST. LOUIS HEART CENTER, INC.
VS

COURT DATE: AUGUST 18, 2015
COURT TIME: 09:00 AM
DIVISION: DIV36

ATHENAHEALTH, INC.

THE ABOVE STYLED CASE IS SET FOR A CASE MANAGEMENT CONFERENCE AT THE DATE, TIME AND DIVISION INDICATED ABOVE.  YOU MUST APPEAR AT THE CONFERENCE. FAILURE TO APPEAR WILL RESULT IN THE COURT'S DESIGNATION OF THE DISCOVERY SCHEDULE AND MAY RESULT IN SANCTIONS OR THE CASE BEING DISMISSED.

JOAN M. GILMER, CIRCUIT CLERK
July 21, 2015



15SL-CC01757      DIV36
ATHENAHEALTH INC
CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105



*Return SIS 7/23*

## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number:  15SL-CC01757 |
|---|---|
| Plaintiff/Petitioner:<br>ST. LOUIS HEART CENTER, INC.<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO  63017 |
| Defendant/Respondent:<br>ATHENAHEALTH, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | |



**SHERIFF FEE PAID**

**FILED**
(Date File Stamp)
JUL 13 2015

**Summons in Civil Case**

The State of Missouri to:  ATHENAHEALTH, INC.
Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

*30 CT CORe*

**JOAN M. GILMER**
**CIRCUIT CLERK, ST LOUIS COUNTY**

**COURT SEAL OF**

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

23-JUN-2015
Date

Further Information:
TLC

Clerk

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☑ other  **CT CORP.  LCW - A. CAIRNS**

Served at _____ (address)

in **St. Louis County** (County/City of St. Louis), MO, **JUL 10 2015** (date) at **9 A.M.** (time)

*LEISINGER*
Printed Name of Sheriff or Server

Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

(Seal)   Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date                          Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $  10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

*7/8/15*



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number:  15SL-CC01757 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ST. LOUIS HEART CENTER, INC.<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO  63017 | **SHERIFF FEE<br>PAID** |
| Defendant/Respondent:<br>ATHENAHEALTH, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Injunction | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  ATHENAHEALTH, INC.
Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO  63105

*COURT SEAL OF*



*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
       SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>23-JUN-2015</u>
Date

Further Information:
TLC

_____
Clerk

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____     _____
                                Date                               Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on **all** classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 15-SMCC-4864**    1    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only* Document ID# 15-SMCC-4864    2    (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - June 17, 2015 - 12:17 PM

STATE OF MISSOURI     )
                                  )
ST. LOUIS COUNTY       )

## IN THE CIRCUIT COURT OF THE ST. LOUIS COUNTY
### STATE OF MISSOURI

ST. LOUIS HEART CENTER, INC.,
individually and on behalf of all others similarly-
situated,

       Plaintiff,

v.

ATHENAHEALTH, INC.,
      Serve:  CT Corporation System
              120 South Central Ave
              Clayton, MO 63105
              St. Louis County

and

JOHN DOES 1-10,

       Defendants.

**Case No.:  15SL-CC01757**

**Division:  36**

ST. LOUIS COUNTY SHERIFF

HOLD SERVICE

### PLAINTIFF'S MOTION TO HAVE THE ALIAS SUMMONS ISSUED TO DEFENDANT ATHENAHEALTH, INC.

COMES NOW, Plaintiff St. Louis Heart Center, Inc. and moves that the Court issue an alias summons to Defendant AthenaHealth, Inc., directed to their new registered agent (CT Corporation System, 120 South Central Ave, Clayton, MO 63105) to be served by the St. Louis County Sheriff.  Please hold service for any summons for John Does 1-10.  Fees for service, by the sheriff, of said summons are being paid at the same time this Motion is being filed.

Electronically Filed - St Louis County - June 17, 2015 - 12:17 PM

Dated June 17, 2015

Respectfully submitted,

    /s/ Max G. Margulis    

Max G. Margulis, #24325

**MARGULIS LAW GROUP**

28 Old Belle Monte Rd.

Chesterfield, MO 63017

P: (636) 536-7022 – Residential

F: (636) 536-6652 – Residential

E-Mail: MaxMargulis@MargulisLaw.com

*Attorney for Plaintiff*

Brian J. Wanca, of Counsel

ANDERSON + WANCA

3701 Algonquin Road, Suite 500

Rolling Meadows, IL  60008

Telephone:  847/368-1500

Fax:  847/368-1501

E-Mail: bwanca@andersonwanca.com

Electronically Filed - St Louis County - June 09, 2015 - 12:43 PM



**CSC.**

CORPORATION SERVICE COMPANY®

**(PDM: MESS)**
**Transmittal Number: 13859944**

# Rejection of Service of Process

**Return to Sender Information:**

Max G. Margulis
Margulis Law Group
28 Old Belle Monte Rd.
Chesterfield, MO 63017

| | |
|---|---|
| **Date:** | 06/03/2015 |
| **Party Served:** | Athenahealth, Inc. |
| **Title of Action:** | St. Louis Heart Center, Inc vs. Athenahealth, Inc. |
| **Court/Agency:** | St. Louis County Circuit Court , Missouri |
| **Case/Reference No:** | 15SL-CC01757 |

The service of process received for the party served, as listed above, cannot be forwarded to the intended party for the reason listed below:

According to our records and the records at the Secretary of State, or other appropriate state agency, we are not the registered agent for the company you are trying to serve. It is your responsibility to verify this information with the Secretary of State or other appropriate state agency.

Our customer records are confidential. We do not release any information related to our customers, agent representation or service of process received. Please contact the Secretary of State or other appropriate agency for more information.

For an electronic copy of the identified service, send your request by e-mail to sop@cscinfo.com. Please include the transmittal number located in the upper right-hand corner of this letter.

2711 Centerville Road   Wilmington, DE 19808
(888) 690-2882   |   sop@cscinfo.com

Doc.ID:18299796



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number: 15SL-CC01757 |
| --- | --- |
| Plaintiff/Petitioner:<br>ST. LOUIS HEART CENTER, INC.<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO 63017 |
| Defendant/Respondent:<br>ATHENAHEALTH, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

**RECEIVED**

JUN 01 2015

COLE COUNTY
SHERIFF'S OFFICE

### Summons in Civil Case

The State of Missouri to: ATHENAHEALTH, INC.
        Alias:
CSC-LAWYERS INCORPORATING SERVICE
221 BOLIVAR
JEFFERSON CITY, MO 65101

*COURT SEAL OF*

*ST. LOUIS COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
      **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>26-MAY-2015</u>
Date

Further Information:
TLC

                                                Clerk

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

__Shelley Lewis__ (name) __legal__ (title).

☐ other _____

Served at __350 E. High St__ (address)

in __Cole__ (County/City of St. Louis), MO, on __6/2/15__ (date) at __7:49am__ (time).

__Greg B. White__                          By: __[signature]__
Printed Name of Sheriff or Server                          Signature of Sheriff or Server

        **Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*      Subscribed and sworn to before me on _____ (date).

        My commission expires: _____        _____
                                    Date                            Notary Public

| Sheriff's Fees, if applicable | | |
| --- | --- | --- |
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ | 10.00 |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 15-SMCC-3988**   1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                  54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number:  15SL-CC01757 |
| Plaintiff/Petitioner:<br>ST. LOUIS HEART CENTER, INC.<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO 63017 |
| Defendant/Respondent:<br>ATHENAHEALTH, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Injunction | *(Date File Stamp)* |

## Summons in Civil Case

The State of Missouri to:  ATHENAHEALTH, INC.
Alias:
**CSC-LAWYERS INCORPORATING SERVICE**
**221 BOLIVAR**
**JEFFERSON CITY, MO 65101**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

      **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

      **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

<u>26-MAY-2015</u>
Date

Further Information:
TLC

_____
Clerk

---

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server       Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

    *(Seal)*    Subscribed and sworn to before me on _____ (date).

             My commission expires: _____   _____
                               Date                   Notary Public

---

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri



| FILED |
| --- |
| **5/21/2015** |
| **JOAN M. GILMER** |
| **CIRCUIT CLERK** |
| **ST. LOUIS COUNTY** |

ST. LOUIS HEART CENTER, INC.
Plaintiff

vs.

ATHENAHEALTH, INC.
Defendant

MAY 21, 2015
Date

15SL-CC01757
Case Number

DIV36
Division

# CASE ASSIGNMENT MEMO

__X__   **ASSIGNMENT TO ASSOCIATE CIRCUIT JUDGE**
Pursuant to Local Rule 6.1, case _X_ assigned __ reassigned to Division 36 for hearing and determination on the record under practices and procedures applicable before Circuit Judges; record to be made by electronic recording device.

_____   **POST CONVICTION RELIEF MOTION**
Pursuant to Local Rule 67.7, case __ assigned __ reassigned to Division  for hearing and determination.

_____   **ASSIGNMENT TO CIRCUIT JUDGE**
Case __ assigned __ reassigned to Division  for hearing and determination.

_____   **CASE SET FOR HEARING**
Case set for hearing on , 201, at  A.M./P.M.

CCCDT235-WA   04/14

**15SL-CC01757**

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

ST. LOUIS HEART CENTER, INC., individually
and on behalf of all others similarly-situated,

       Plaintiff,

v.

ATHEANHEALTH, INC.,
and JOHN DOES 1-10,

       Defendants.

Cause No.

Division

### MOTION FOR CLASS CERTIFICATION [1]

COMES NOW Plaintiff, individually and on behalf of all others similarly situated, by

and through its undersigned counsel, and for its Motion for Class Certification, states

1.     This cause should be certified as a class because all of the necessary elements of

Rule 52.08 are met.

2.     Plaintiff requests that the Court certify a class, so the common claims of the Class

members, based on a uniform legal theory and factual allegations applicable to all Class

members, can be resolved on a class-wide basis.

---

1.     Recent developments in class action practice make necessary the filing of this motion with the petition. Defendants in class litigation have resorted to making individual settlement offers to named plaintiffs before a class action is certified in an attempt to "pick-off" the putative class representative and thereby derail the class action litigation. Most courts have rejected these pick-off attempts and have held that the filing of a motion for class certification with the initial petition or within a number of days after service of any settlement offer to a named plaintiff staves off offers of judgment to the named plaintiff. Any settlement offer made after the filing of the motion for class certification must be made on a class-wide basis. *See Alpern v. UtiliCorp United*, 84 F.3d 1525 (8th Cir. 1996); *Weiss v. Regal Collections*, 385 F. 3d 337, 344 n. 12 (3d Cir. 2004); *see Jancik v. Cavalry Portfolio Servs.*, 2007 WL 1994026, at *2–3 (D. Minn. July 3, 2007) *Harris v. Messerli & Kramer, P.A.*, 2008 WL 508923, at *2–3 (D. Minn. Jan. 2, 2008) (same); *Johnson v. U.S. Bank Nat'l Assn.*, 276 F.R.D. 330, 333-335 (D. Minn. 2011) (same). *See also Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011); *Mey v. Monitronics Int'l, Inc.*, 2012 WL 983766, at * 4-5 (N.D. W.Va. Mar. 22, 2012); *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F.Supp.2d 1020, 1029 (N.D. Ohio 2010); *McDowall v. Cogan*, 216 F.R.D. 46, 48-50 (E.D. N.Y. 2003).
2.

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

3.      Plaintiff proposes the following Class definition:

All persons who on or after four years prior to the filing of this action, were sent telephone facsimile messages of material advertising healthcare seminars or how to become more profitable by or on behalf of Defendants.

4.      Under Rule 52.08(a)(1), to bring a Class action, the Class must be "so numerous that joinder of all members is impracticable." Rule 52.08(a)(1).  Here, there are at least hundreds of persons who fall within the Class definition.  Thus, the numerosity requirement of Rule 52.08(a)(1) is satisfied.

5.      There are questions of law or fact common to the Class members.

6.      The claims or defenses of the representative parties are typical of the claims or defenses of this Class.

7.      Plaintiff and its counsel will fairly and adequately protect the interest of the Class.

8.      Common issues of law or fact predominate over any individual issues, and a class action is the superior method for the fair and efficient adjudication of this controversy.

9.      The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the party opposing the class.

10.     The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

11.     Plaintiff requests additional time to file its supporting Memorandum of Law after the Court sets up an appropriate discovery schedule.   Written discovery related to class certification issues is presently outstanding.

WHEREFORE, Plaintiff prays that this Court certify this case as a class action, grant

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

statutory injunctive relief prohibiting Defendants from sending advertising materials via fax to members of the class, and further pray that the Court appoint Plaintiff as Class Representative, appoint Plaintiff's attorneys Class Counsel; that this Court allow Plaintiff additional time, for completion of discovery related to class certification issues, to file its Memorandum of Law in Support of this Motion; and for such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

_____/s/ Max G. Margulis_____
Max G. Margulis, #24325
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022 – Residential
F: (636) 536-6652 – Residential
E-Mail: MaxMargulis@MargulisLaw.com

Of Counsel
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Phone: (847) 368-1500
Fax: (847) 368-1501
E-Mail: bwanca@andersonwanca.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the Defendant AthenaHealth, Inc. by the Cole County Sheriff at the same time as the petition.



_____/s/ Max G. Margulis_____

**15SL-CC01757**

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

STATE OF MISSOURI )
                             )
ST. LOUIS COUNTY )

### IN THE CIRCUIT COURT OF THE ST. LOUIS COUNTY
### STATE OF MISSOURI

| | |
|---|---|
| ST. LOUIS HEART CENTER, INC., individually and on behalf of all others similarly-situated, | Cause No. _____ |
|       Plaintiff, | Division |
| v. | |
| ATHENAHEALTH, INC.,<br>    Serve:  CSC-Lawyers Incorporating Service<br>           221 Bolivar<br>           Jefferson City, MO 65101<br>           Cole County | COLE COUNTY SHERIFF |
| and | |
| JOHN DOES 1-10, | HOLD SERVICE |
|       Defendants. | |

### CLASS ACTION PETITION

Plaintiff, ST. LOUIS HEART CENTER, INC. ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, ATHENAHEALTH, INC., and JOHN DOES 1-10 ("Defendants"):

### PRELIMINARY STATEMENT

1.     This case challenges Defendants' practice of sending unsolicited facsimile advertisements.

1

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

2.      The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from sending or having an agent send fax advertisements without the recipient's prior express invitation or permission ("advertising faxes" or "unsolicited faxes") and without a proper opt out notice.  The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.      Unsolicited faxes damage their recipients.  An advertising fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.  An advertising fax interrupts the recipient's privacy.  Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.  An advertising fax consumes a portion of the limited capacity of the telecommunications infrastructure serving the victims of advertising faxing.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion and Missouri consumer and fraud and deceptive business practices act Chapter 407.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND PARTIES

6.      This court has personal jurisdiction over Defendants because Defendants transacts business within this state, have made contracts within this state, and/or have committed tortious acts within this state and otherwise have sufficient minimum contacts with the State of Missouri.

7.      Plaintiff ST. LOUIS HEART CENTER, INC., is a Missouri corporation.

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

8.    On information and belief, Defendant, ATHENAHEALTH, INC., is an Massachusetts corporation registered to do business in Missouri as a foreign corporation.

9.    Defendant, John Does 1-10 will be identified through discovery, but are not presently known.

### RELEVANT FACTS

10.    On or about the dates of February 2012 and June 2012.  Defendants sent 2 unsolicited facsimiles to Plaintiff in St. Louis County, Missouri.  A true and correct copy of the facsimiles are attached as Exhibits A – B (excluding any handwritten notations).

11.    The transmissions sent to Plaintiff on or about February 2012 and June 2012 constitutes material advertising the commercial availability of any property, goods or services.

12.    On information and belief, Defendant has sent other facsimile transmissions of material advertising the commercial availability of property, goods, or services to many other persons as part of a plan to broadcast fax advertisements, of which Exhibits A – B are examples.

13.    Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by  (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the faxes; (c) creating and approving the form of fax to be sent; and (d) determining the number and frequency of the facsimile transmissions.

14.    Defendants created or made Exhibits A – B and other fax advertisements, which Defendants distributed to Plaintiff and the other members of the class.

15.    Exhibits A – B and the other facsimile advertisements are a part of Defendants' work or operations to market Defendants' goods or services which were performed by Defendants and on behalf of Defendants.

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

16.     Exhibits A – B and the other facsimile advertisements constitute material furnished in connection with Defendants' work or operations.

17.     The transmission of facsimile advertisements, including Exhibits A – B, to Plaintiff did not contain a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements.

18.     The transmission of facsimile advertisements, including Exhibits A – B, to Plaintiff did not contain a notice that states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph 47 C.F.R. 64.1200(a)(4)(v) of this section is unlawful.

19.     The transmission of facsimile advertisements, including Exhibits A – B, to Plaintiff did not contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. 64.1200(a)(4).

20.     The transmission of facsimile advertisements, including Exhibits A – B, to Plaintiff was required to contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. 64.1200(a)(4).

21.     On information and belief, Defendants sent multiple facsimile advertisements to Plaintiff and members of the proposed classes throughout the time period covered by the class definitions.

22.     On information and belief, Defendants faxed the same and other facsimile advertisements to the members of the proposed classes in Missouri and throughout the United States without first obtaining the recipients' prior express permission or invitation.

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

23.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unlawful faxes.    Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

24.    Defendants knew or should have known that:    (a) facsimile advertisements, including Exhibits A – B were advertisements; (b) Plaintiff and the other members of the class had not given their prior permission or invitation to receive facsimile advertisements; (c) No established business relationship existed with Plaintiff and the other members of the class; and (d) Defendants did not display a proper opt out notice.

25.    Defendants engaged in the transmissions of facsimile advertisements, including Exhibits A – B believing such transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

26.    Defendants did not intend to send transmissions of facsimile advertisements, including Exhibits A – B to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

27.    Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of facsimile advertisements, including Exhibits A – B both to others in general, and specifically to Plaintiff.

28.    The transmissions of facsimile advertisements, including Exhibits A – B to Plaintiff and other members of the class caused destruction of Plaintiff's property.

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

29.    The transmissions of facsimile advertisements, including Exhibits A – B to Plaintiff and other members of the class interfered with Plaintiff's and other members of the class' exclusive use of their property.

30.    The transmissions of facsimile advertisements, including Exhibits A – B to Plaintiff and other members of the class interfered with Plaintiff's and other members of the class' business and/or personal communications.

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

31.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

32.    Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent by or on behalf of Defendants any telephone facsimile transmissions of material making known the commercial existence of, or making qualitative statements regarding any property, goods, or services (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants does not have an established business relationship or (5) which did not display a proper opt out notice.

33.    A class action is warranted because:

a.    On information and belief, the class includes more than forty persons and is so numerous that joinder of all members is impracticable.

b.    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

i.    Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

ii.     Whether Exhibits A – B and other faxes transmitted by or on behalf of Defendant contain material advertising the commercial availability of any property, goods or services;

iii.    Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

iv.     The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibits A – B and other unsolicited faxed advertisements;

v.      Whether Defendants faxed advertisements without first obtaining the recipients' prior express permission or invitation;

vi.     Whether Defendants violated the provisions of 47 USC § 227;

vii.    Whether Plaintiff and the other class members are entitled to statutory damages;

viii.   Whether Defendants knowingly violated the provisions of 47 USC § 227;

ix.     Whether Defendants should be enjoined from faxing advertisements in the future;

x.      Whether Plaintiff and the Class are entitled to damages, treble damages, declaratory and/or injunctive relief; and

xi.     Whether Exhibits A – B and the other fax advertisements sent by or on behalf of Defendants displayed the proper opt out notice required by 64 C.F.R. 1200.

c.      Plaintiff's claims are typical of the other class members.

d.      Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

e.      A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

35.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

36.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

37.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

person without that person's express invitation or permission written or otherwise." 47 U.S.C. §

227(a)(5).

38.     The TCPA provides:

> <u>Private right of action</u>.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)     Both such actions.

39.     The Court, in its discretion, may treble the statutory damages if the violation was

knowing.  47 U.S.C. § 227.

40.     The TCPA is a strict liability statute and the Defendants are liable to Plaintiff and

the other class members even if their actions were only negligent.

41.     Defendants' actions caused damages to Plaintiff and the other class members.

Receiving Defendants' advertising faxes caused the recipients to lose paper and toner consumed in

the printing of Defendants' faxes.  Moreover, Defendants' actions interfered with Plaintiff's use of

its fax machine and telephone line connected to that fax machine.  Defendants' faxes cost Plaintiff

time, as Plaintiff and/or its employees wasted their time receiving, reviewing and routing

Defendants' unlawful faxes.  That time otherwise would have been spent on Plaintiff's business

activities.  Finally, Defendants' faxes unlawfully interrupted Plaintiff's and the other class

members' privacy interests in being left alone.

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

42.     Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to interfere with recipients' fax machines or consume the recipients' valuable time with Defendants' advertisements.

43.     If the court finds that Defendants knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph.  47 U.S.C. § 227(b)(3).

44.     Defendants knew or should have known that: (A) Plaintiff and the other class members had not given express permission or invitation for Defendants or anyone else to fax advertisements about Defendants' goods or services, (B) Defendants did not have an established business relationship with Plaintiff and the other members of the class, (C) Exhibits A – B and the other facsimile advertisements were advertisements, and (D) Exhibits A – B and the other facsimile advertisements did not display the proper opt out notice.

45.     Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibits A – B and the other facsimile advertisements hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation and not displaying the proper opt out notice required by 64 C.F.R. 1200.

46.     Defendants knew or should have known that:  (a) documents Exhibits A – B and the other facsimile advertisements were advertisements;  (b) Defendants did not obtain prior permission or invitation to send facsimile advertisements, including Exhibits A – B; (c) Defendants did not have an established business relationship with Plaintiff or the other members of

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

the class and (d) Exhibits A – B and the other facsimile advertisements did not display a proper opt out notice.

47.     Defendants engaged in the transmissions of documents Exhibits A – B and the other facsimile advertisements believing such transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

48.     Defendants did not intend to send transmissions of documents Exhibits A – B and the other facsimile advertisements to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of documents Exhibits A – B and the other facsimile advertisements were sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

49.     Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of documents Exhibits A – B and the other facsimile advertisements both to others in general, and specifically to Plaintiff.

50.     Defendants' actions caused damages to Plaintiff and the other class members, because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' unauthorized purpose. Defendants' actions also cost Plaintiff employee time, as

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

Plaintiff's employees used their time receiving, routing and reviewing Defendants' unauthorized faxes and that time otherwise would have been spent on Plaintiff's business activities.  Finally, the injury and property damage sustained by Plaintiff and the other members of the class occurred outside of Defendants' premises.  Pursuant to law, Plaintiff, and each class member, instead may recover $500 for each violation of the TCPA.

WHEREFORE, Plaintiff, ST. LOUIS HEART CENTER, INC., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, ATHENAHEALTH, INC. and JOHN DOES 1-10, as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.      That the Court award between $500.00 and $1,500.00 in damages for each violation of the TCPA;

C.      That the Court enter an injunction prohibiting the Defendants from engaging in the statutory violations at issue in this action; and

D.      That the Court award costs and such further relief as the Court may deem just and proper.

E.      That the Court award pre-judgment and post-judgment interest at the statutory rate of 9%.

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

## COUNT II
### Declaratory Relief

51.     Plaintiff incorporates by reference all allegations of all preceding paragraphs as if fully set forth herein

52.     As a result of Defendants' actions, described herein, a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, and Plaintiff and the Class have legally protectable interests at stake.

53.     A declaration that Defendants' actions, as described herein, violate the TCPA is warranted.

## COUNT III
## CONVERSION

54.     Plaintiff incorporates Paragraphs 3 and 4, 10, 13 – 16, 21 – 23 and 25 – 30 as for its paragraph 54.

55.     In accordance with Mo. S. Ct. Rule 52.08, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who on or after five years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants with respect to whom Defendants cannot provide evidence of prior express permission or invitation.

56.     A class action is proper in that:

a.      On information and belief the class is so numerous that joinder of all members is impracticable.

b.      There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

     i.     Whether Defendants engaged in a pattern of sending unsolicited faxes;

     ii.     Whether Defendants sent faxes without obtaining the recipients' prior express permission or invitation of the faxes;

     iii.     The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibits A – B and other unsolicited faxes;

     iv.     Whether Defendants committed the tort of conversion; and

     v.     Whether Plaintiff and the other class members are entitled to recover actual damages and other appropriate relief.

c.     Plaintiff's claims are typical of the other class members.

d.     Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

e.     A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

57.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

58.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

59.     By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

60.     Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machine, paper, toner, and employee time.

61.     By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use.  Such misappropriation was wrongful and without authorization.

62.     Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

63.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose.  Plaintiff and each class member thereby suffered damages as a result of the sending of unsolicited fax advertisements from Defendants.

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

64.     Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' unlawful faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

65.     Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machines for Defendants' unlawful purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unlawful faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, ST. LOUIS HEART CENTER, INC., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, ATHENAHEALTH, INC. and JOHN DOES 1-10, as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.      That the Court award appropriate damages;

C.      That the Court award costs of suit; and

D.      Awarding such further relief as the Court may deem just and proper.

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

**COUNT IV**
**MISSOURI CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**
**Chapter 407**

66.     Plaintiff incorporates Paragraphs 3 and 4, 10, 13 – 16, 21 – 23 and 25 – 30 as for its paragraph 66.

67.     In accordance with Chapter 407, Plaintiff, on behalf of the following class of persons, bring Count IV for Defendants' unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons who on or after four years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants with respect to whom Defendants cannot provide evidence of prior express permission or invitation.

68.     A class action is proper in that:

a.      On information and belief the class consists of over 40 persons in Missouri and throughout the United States and is so numerous that joinder of all members is impracticable.

b.      There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

i.      Whether Defendants engaged in a pattern of sending unsolicited faxes;

ii.     The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibits A – B and other unsolicited faxes;

iii.    Whether Defendants' practice of sending unsolicited faxes violates Missouri public policy;

17

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

    iv.    Whether Defendants' practice of sending unsolicited faxes is an

unfair practice under the Missouri Merchandising Practices Act (MMPA),

Chapter 407 RSMO; and

    v.    Whether Defendants should be enjoined from sending unsolicited

fax advertising in the future.

    vi.

c.    Plaintiff's claims are typical of the other class members.

d.    Plaintiff will fairly and adequately protect the interests of the other class

members.  Plaintiff's counsel are experienced in handling class actions and claims

involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has

any interests adverse or in conflict with the absent class members.

e.    A class action is the superior method for adjudicating this controversy fairly

and efficiently.  The interest of each individual class member in controlling the

prosecution of separate claims is small and individual actions are not economically

feasible.

69.    Plaintiff will fairly and adequately protect the interests of the other class members.

Plaintiff has retained counsel who are experienced in handling class actions and claims involving

lawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in

conflict with the class.

70.    A class action is an appropriate method for adjudicating this controversy fairly and

efficiently.  The interest of the individual class members in individually controlling the prosecution

of separate claims is small and individual actions are not economically feasible.

71.     Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return.   Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

72.     Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

73.     Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

74.     Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner consumed as a result.   Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' unlawful purpose.   Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unlawful faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, ST. LOUIS HEART CENTER, INC., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, ATHENAHEALTH, INC. and JOHN DOES 1-10, as follows:

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

    A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

    B.     That the Court award damages to Plaintiff and the other class members;

    C.     That the Court award treble damages to Plaintiff and the other class members for knowing violations of the TCPA;

    D.     That the Court declare that Defendants' conduct violated the TCPA and that this action is just and proper;

    E.     That the Court award damages for conversion of the plaintiffs and the class for violation of their rights;

    F.     That the Court award damages and attorney fees for violation of Chapter 407;

    G.     That the Court award attorney fees and costs;

    H.     That the Court award all expenses incurred in preparing and prosecuting these claims;

    I.     That the Court enter an injunction prohibiting Defendants from sending faxed advertisements;

    J.     Issuing declaratory judgment that Defendant's actions, as described herein, violate the TCPA's prohibition on making telephone calls to cellular telephones using any automatic telephone dialing system without the prior express permission of the called party; and

    K.     Awarding such further relief as the Court may deem just and proper.

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

Respectfully submitted,

_____ /s/ Max G. Margulis _____
Max G. Margulis, #24325
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P:  (636) 536-7022 – Residential
F:  (636) 536-6652 – Residential
E-Mail: MaxMargulis@MargulisLaw.com
*Attorneys for Plaintiff*

Of Counsel
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Phone:  (847) 368-1500
Fax:  (847) 368-1501
E-Mail: bwanca@andersonwanca.com

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

Feb 11 2000 23:23                          2077728247                    page 1

# Navigating Change in the Health Care Universe

## athena
there is a better way

StLHC

## Achieving Meaningful Use and Preparing for What's Next

Join athenahealth for a private dinner at the **The Ritz Carlton, St. Louis** on April 5, and find out how to stay both compliant and profitable during a time of enormous change.

The convergence of Meaningful Use, the Affordable Care Act, and the HIPAA transitions to ANSI 5010 and ICD-10 have swept up physicians in a perfect storm of change. Maneuvering through it all, while keeping your focus on patient care and practice growth, is no easy task. It requires the right combination of cloud-based software, networked knowledge, back-office services, and a partner invested in your ongoing success.

At this April 5th dinner event, we'll discuss:

- How to get paid up to $44,000 for Meaningful Use without adding to your workload—and how athenahealth clients are seeing success and banking their year one incentive checks.

- How we can minimize disruption with the current ANSI 5010 conversion, and ensure compliance with ICD-10 in October 2013.

- How our cloud-based model gives us unique insight and visibility into how every practice on our network is performing—allowing us to optimize incentives and enhance your productivity.

- How we can help drive more revenue from other Pay for Performance programs and accelerate NCQA Patient-Centered Medical Home recognition.

Join our event and leave with a better understanding of the challenges and opportunities ahead, and how athenahealth's cloud-based service model can help you stay profitable through the change.

**Join us on April 5th at 6:00 p.m.**

89 a
X

**The Ritz Carlton, St. Louis**
**100 Carondelet Plaza**
**St. Louis, MO 63105**

6:00 p.m.   Registration, Cocktails
6:30 p.m.   Presentation and Dinner
7:30 p.m.   Questions and Networking

This is a private event by invitation only, seating is limited.

## Register today:

- Visit www.athenahealth.com/ StLouisMO

- Fax registration form on back

- E-mail information on form to seminars@athenahealth.com



# EXHIBIT A

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

Feb 11 2000 23:23                    2077729247                    page 2

**athena**health

# Dinner Seminar Registration Form

StXHC

## The Ritz Carlton, St. Louis • St. Louis, MO
## Thursday, April 5, 2012 • 6 pm

89b X

**This complimentary dinner seminar is invitation-only. Seating is limited.
To register to attend, please fax this form to 888.512.8436.**

## Registration Form

[ ] Yes, I plan to attend; please see the information below

[ ] Unfortunately, I cannot attend; but I am interested in learning more about athenahealth

Number of attendees: _____

Full name: _____

Title: _____

Practice name: _____

Phone number: _____

E-mail address: _____

Specialty: _____

Number of physicians in your practice: _____

## Additional Attendee Information

| Full Name | Title | Email Address | Phone # |
|---|---|---|---|
| Full Name | Title | Email Address | Phone # |
| Full Name | Title | Email Address | Phone # |

OTM

The Ritz Carlton, St. Louis • 100 Carondelet Plaza • St. Louis, MO 63105
To register to attend, return this form by fax to 888.512.8436.

# EXHIBIT 

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

10/07/2012 12:52

St. Louis Heart Center

Page 1/2

820 a

# Navigating Change in the Health Care Universe

## athena
there is a better way

## Achieving Meaningful Use and Preparing for What's Next

Join athenahealth for a private dinner at the **Four Seasons Hotel St. Louis** on July 26, and find out how to stay both compliant and profitable during a time of enormous change.

The convergence of Meaningful Use, the Affordable Care Act, and the HIPAA transitions to ANSI 5010 and ICD-10 have swept up physicians in a perfect storm of change. Maneuvering through it all, while keeping your focus on patient care and practice growth, is no easy task. It requires the right combination of cloud-based software, networked knowledge, back-office services, and a partner invested in your ongoing success.

**At this July 26th dinner event, we'll discuss:**

▸ How to get paid up to $44,000 for Meaningful Use without adding to your workload—and how athenahealth clients are seeing success and banking their year one incentive checks.

▸ How we can minimize disruption with the current ANSI 5010 conversion, and ensure compliance with ICD-10 in October 2013.

▸ How our cloud-based model gives us unique insight and visibility into how every practice on our network is performing—allowing us to optimize incentives and enhance your productivity.

▸ How we can help drive more revenue from other Pay for Performance programs and accelerate NCQA Patient-Centered Medical Home recognition.

Join our event and leave with a better understanding of the challenges and opportunities ahead, and how athenahealth's cloud-based service model can help you stay profitable through the change.

**Join us on July 26th at 6:00 p.m.**

# EXHIBIT B

## Four Seasons Hotel St. Louis
## 999 North 2nd Street
## St. Louis, MO 63102

6:00 p.m.   Registration, Cocktails
6:30 p.m.   Presentation and Dinner
7:30 p.m.   Questions and Networking

This is a private event by invitation only, seating is limited.

## Register today:

▸ Visit www.athenahealth.com/StLouisMO

▸ Fax registration form on back

▸ E-mail information on form to seminars@athenahealth.com



19/07/2012 12:52

*St. Louis Heart Center*

Page 2/2

820

Electronically Filed - St Louis County - May 21, 2015 - 02:20 PM

**athena**

# Dinner Seminar Registration Form

## Four Seasons Hotel St. Louis • St. Louis, MO
## Thursday, July 26, 2012 • 6 pm

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### This complimentary dinner seminar is invitation-only. Seating is limited.
### To register to attend, please fax this form to 888.512.8436.

## Registration Form

[ ] Yes, I plan to attend; please see the information below

[ ] Unfortunately, I cannot attend; but I am interested in learning more about athenahealth

Number of attendees: _____

Full name: _____

Title: _____

Practice name: _____

Phone number: _____

E-mail address: _____

Specialty: _____

Number of physicians in your practice: _____

## Additional Attendee Information

| Full Name | Title | Email Address | Phone # |
|---|---|---|---|
| Full Name | Title | Email Address | Phone # |
| Full Name | Title | Email Address | Phone # |

OTM



# EXHIBIT B

Four Seasons Hotel St. Louis • 999 North 2nd Street • St. Louis, MO 63102
To register to attend, return this form by fax to 888.512.8436.