**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ST. LOUIS HEART CENTER, INC.,    ) | |
|                    ) | |
|      Plaintiff,        ) | |
|                    ) | |
|     v.                  ) | No. 4:15-CV-01215-AGF |
|                    ) | |
| ATHENAHEALTH, INC., et al.,    ) | |
|                    ) | |
|      Defendants.       ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 41) of Defendant

Athenahealth, Inc. ("Defendant") to stay this putative class action.  After careful

consideration, the Court will grant Defendant's motion.

Plaintiff claims in this putative class action that Defendant violated a regulation,

47 C.F.R. § 64.1200(a)(4), promulgated by the Federal Communication Commission

("FCC") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by

faxing Plaintiff advertisements that did not have an opt-out notice.  Plaintiff's proposed

class definition includes recipients of both unsolicited faxes and faxes sent with consent

that did not display the opt-out notice required by this FCC regulation.  Defendant asks

the Court to stay this action pending resolution of a consolidated appeal before the United

States Court of Appeals for the District of Columbia Circuit, captioned *Bais Yaakov of*

*Spring Valley v. FCC* ("*Bais Yaakov*"), No. 14-1234, which challenges the validity of the

1

FCC regulation at issue as applied to faxes sent with consent.[1]  Defendant asserts that the outcome of *Bais Yaakov* will greatly impact this case because there is substantial evidence that the faxes in question were sent with consent.  In support of this assertion, Defendant has offered the sworn declaration of its director of event marketing, Maria Chow, attesting that the faxes in question were dinner seminar invitations that were sent by third-party contractor Voice Teleservices, subject to Defendant's protocol.  Chow states that Defendant's protocol required a Voice Teleservices representative to contact potential attendees by phone and to send an invitation by fax only where the person indicated on the call a preference to receive the document by fax and provided a fax number.  Chow attaches to her declaration the script that Defendant provided to Voice Teleservices to use for calls to potential attendees.  The script reflects that the Voice Teleservices representative must ask whether the potential attendee would like more information about the seminar, and if so, whether he or she preferred to receive that information by email or fax.  The script includes a space for the representative to record the potential attendee's response and, if provided, his or her fax number.

---

[1]     Defendant previously moved to stay this case on two alternative grounds: one pending the United States Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, No. 14-857, regarding whether a putative class action may be mooted by an offer of complete relief to the named plaintiff, and the other pending resolution of Defendant's petition before the FCC seeking a waiver with respect to the regulation discussed above. The Court granted the stay on the first ground only, without prejudice to Defendant's refiling on the second ground upon lifting of the stay following a decision in *Campbell-Ewald*.  Following the Supreme Court's ruling in *Campbell-Ewald* on January 20, 2016, the Court lifted the stay.  Defendant's waiver petition was denied by the FCC without appeal, but Defendant subsequently retained new counsel and filed the current motion to stay based on the consolidated appeal challenging the validity of the FCC regulation in *Bais Yaakov*.

2

Defendant argues that a stay is in accordance with the suggestion by the Eighth Circuit Court of Appeals in *Nack v. Walburg*, 715 F.3d 680 (8th Cir. 2013), wherein the Eighth Circuit held that the Administrative Orders Review Act ("Hobbs Act"), 28 U.S.C. § 2342 *et seq.*, precluded it from hearing challenges to the FCC regulation at issue other than on appeals arising from agency proceedings, and instructed that on remand, the district court "may entertain any requests to stay proceedings for pursuit of administrative determination of the issues raised."  Nack, 715 F.3d at 687.  As Defendant correctly notes, following *Nack*, courts in this District have consistently stayed similar TCPA cases pending the resolution of FCC proceedings now consolidated on appeal in *Bais Yaakov*. *See, e.g.*, *Nack v. Walburg,* No. 4:10CV00478 AGF, 2013 WL 4860104, at *1-2 (E.D. Mo. Sept. 12, 2013); *St. Louis Heart Ctr., Inc. v. Gilead Palo Alto, Inc*., No. 4:13–CV–958–JAR, 2013 WL 5436651, at *1-2 (E.D. Mo. Sept. 27, 2013); *St. Louis Heart Ctr., Inc. v. The Forest Pharm., Inc*., No. 4:12CV02224 JCH, 2013 WL 3988671, at *1 (E.D. Mo. July 17, 2013).

In opposition to the motion to stay, Plaintiff argues that Defendant has not met its burden of establishing that the faxes in question were sent with consent; that a stay would be contrary to Federal Rule of Civil Procedure 23(c)(1)(A) requiring a decision on class certification at an "early practicable time"; that a stay should not be granted because Defendant is not a party to *Bais Yaakov*; and that there is at least a "fair possibility" of prejudice to Plaintiff with regard to the loss of evidence.

In support of its first argument, Plaintiff asserts that "at least two courts" have denied similar motions to stay where the defendant failed to establish consent.  But

neither of these cases persuades the Court to deny a stay here.  In the first case, the defendant had "not proffered *any* evidence" in support of its assertion that the faxes in question were sent with consent.  *Around the World Travel, Inc. v. Unique Vacations, Inc.*, No. 14-CV-12589, 2014 WL 6606953, at *4 (E.D. Mich. Nov. 19, 2014) (emphasis added).  In the second case, the plaintiff's proposed class definition encompassed *only* unsolicited faxes.  *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-CV-02219-JST, 2014 WL 6707594, at *2 (N.D. Cal. Nov. 25, 2014).  By contrast, in this case, Plaintiff's proposed class definition undisputedly encompasses faxes sent with consent, and Defendant has provided evidence of consent.  Defendant need not prove consent at this stage.  But Defendant has offered enough evidence of consent to persuade the Court that a ruling in *Bais Yaakov* is likely to impact this case.

Plaintiff's other arguments against a stay are also without merit.  The Court agrees with Defendant that Rule 23(c)(1)(A)'s "at an early practicable time" language actually relaxes the timetable for class certification from the previous standard of "as soon as practicable," in recognition of the "many valid reasons that may justify deferring the initial certification decision."  Fed. R. Civ. P. 23(c)(1)(A) advisory committee's note to 2003 amendment.  Indeed, a ruling in *Bais Yaakov* on the validity of the FCC regulation as applied to faxes sent with consent is likely to impact the class certification decision in this case significantly, particularly with regard to whether common issues exist and predominate.  And Defendant need not be a party to *Bais Yaakov* for the case to have an impact.  The procedural path taken by the parties in *Bais Yaakov* will result in a "uniform, nationwide interpretation" of the TCPA, *Nack*, 715 F.3d at 686—an interpretation that

4

will be highly relevant to this case.  Finally, the Court does not believe that Plaintiff will be unduly prejudiced by a stay, particularly because the Court will continue to require the parties to preserve all potentially relevant evidence during the stay and to promptly notify the Court and opposing counsel upon learning that any witness with discoverable information will be unavailable for any reason, so that the witness's deposition may be taken and his or her testimony preserved.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's motion to stay is **GRANTED**. (Doc. No. 41.)  This case is **STAYED** until such time as the United States Court of Appeals for the District of Columbia Circuit issues a decision in *Bais Yaakov of Spring Valley v. FCC* ("*Bais Yaakov*"), No. 14-1234.

**IT IS FURTHER ORDERED** that, during the stay, (1) the parties shall preserve all potentially relevant evidence, and (2) the parties shall promptly notify the Court and opposing counsel upon learning that any witness with discoverable information will be unavailable for any reason, so that the witness's deposition may be taken to preserve his or her testimony.

**IT IS FURTHER ORDERED** that within **seven (7) days** following the United States Court of Appeals for the District of Columbia Circuit's ruling in *Bais Yaakov*, Defendant shall file an appropriate motion as to lifting of the stay.  The Court shall set a case management conference upon lifting of the stay.

**IT IS FURTHER ORDERED** that this case shall be deemed closed for statistical

purposes only, subject to reopening upon lifting of the stay herein imposed or other

appropriate Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of May, 2016.